I. R. TAYLOR & COMPANY, RESPONDENT, v. GUSSIE RUBIN, APPELLANT.

Decided July 3, 1929.

Before GUMMERE, CHIEF JUSTICE, and Justice PARKER.

For the appellant, *Isaiah Matlack.*

For the respondent, *Durand, Ivins & Carton.*

PER CURIAM.

This is an action on a mechanics' lien brought by the contractor against the owner and builder. The trial resulted in a verdict in favor of the plaintiff for the full amount of his claim, and the defendant has appealed from the judgment entered thereon.

The first ground upon which a reversal is sought is that the court erred in denying the defendant's motion to nonsuit. This motion was based upon a provision in the contract to the effect that, should any dispute arise between the contractor and owner, either during the progress of the work or after the termination thereof, as to quantity or quality of work done, or as to any matter of payment, or as to any matter or amount or allowance under the contract, then such matter in controversy should be referred to three arbitrators, whose decision should be final and conclusive upon the parties to the contract, and whose determination should be a condition precedent to the right of action by either party against the other. The contention on the part of the defendant is that this requirement of the contract was a bar to the present suit. It is to be observed that the provision only applies in case a dispute arises with relation to any of the matters recited therein. Our examination of the evidence submitted on behalf of the plaintiff satisfies us that no such dispute had arisen between the parties, and, on a motion to nonsuit, this evidence must be accepted as a true statement of the facts testified to therein. We consider, therefore, that the refusal to direct a nonsuit upon the ground specified was proper.

The next ground for reversal is directed at that portion of the charge of the court which left it to the jury to say whether or not the defendant's architect named in the contract had power, as her representative, to modify or alter the plans and specifications, with the consent of the plaintiff;

such changes having been made by agreement between these two, apparently without consulting the defendant. We consider that this instruction was beneficial, rather than harmful, to the defendant, in view of the admission of the latter's counsel made before us that the contract "provides in clear and unambiguous language the right of the architect to make changes in the plans and specifications." Although the architect is admittedly the representative of the owner in making such changes, the charge permitted the jury to find that the alterations in the work made by the contractor were unauthorized by the defendant, if they concluded that the architect had no power to represent her in agreeing that they should be so made; and, as a necessary implication, that in the absence of such authority the jury might find that the plaintiff had violated his contract in not doing the work in accordance with the plans and specifications annexed thereto.

The only other reason urged for a reversal is based upon an alleged error of the trial court, in its instruction to the jury, relating to the abandonment of the provision of the contract providing for the waterproofing of the cellar. The charge called the attention of the jury to the fact that this abandonment was the result of an agreement between the defendant's architect and the plaintiff, and what was said in elaboration of that situation was entirely justified by the proofs.

The judgment under review will be affirmed.